### UNITED STATES DISTRICT COURT
### EASTERN DISTRICT OF MISSOURI
### EASTERN DIVISION

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | **NO. 4:15 CR 242 HEA** |
| **v.** | ) | |
| | ) | |
| **JERMAIN L. MAZES,** | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

### GUILTY-PLEA AGREEMENT

Come now the parties and hereby agree, as follows:

**1.      PARTIES:**

The parties are the defendant Jermain L. Mazes, acting *pro se* and with stand-by counsel John Stobbs, and the United States of America (hereinafter "United States" or "Government"), represented by the Office of the United States Attorney for the Eastern District of Missouri. This agreement does not, and is not intended to, bind any governmental office or agency other than the United States Attorney for the Eastern District of Missouri.   The Court is neither a party to nor bound by this agreement.

**2.      GUILTY PLEA:**

**A.      The Plea:**        Pursuant to Rule 11(c)(1)(A), of the Federal Rules of Criminal Procedure, in exchange for the Defendant's voluntary plea of guilty to Counts One, Two, and Four of the indictment, the United States agrees to dismiss Count Three at the time of sentencing. The United States further agrees that no further federal prosecution will be brought in this District relative to Defendant's violations of federal law, known to the United States at this time,

arising out of the events set forth in the indictment.

**B.    The Sentence:**        The parties agree that the recommendations contained herein fairly and accurately set forth some guidelines that may be applicable to this case.      The parties further agree that either party may request a sentence above or below the U.S. Sentencing Guidelines range (combination of Total Offense Level and Criminal History Category) ultimately determined by the Court pursuant to any chapter of the Guidelines, Title 18, United States Code, Section 3553, or any other provision or rule of law not addressed herein. The parties further agree that notice of any such request will be given no later than ten (10) days prior to sentencing and that said notice shall specify the legal and factual bases for the request.   The parties understand that the Court is neither a party to nor bound by the Guidelines recommendations agreed to in this document.

**3.    ELEMENTS:**

**A.    Count One**:   As to Count One, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

**(i)**    The Defendant was in possession of heroin;

**(ii)**    The Defendant knew he was in possession of heroin, a Schedule I controlled substance drug; and

**(iii)**    The Defendant intended to distribute some or all of the heroin to another person.

**B.    Count Two**:   As to Count Two, the Defendant admits to knowingly violating Title 21, United States Code, Section 841(a)(1), and admits there is a factual basis for the plea

and further fully understands that the elements of the crime are as follows:

    **(i)**    The Defendant was in possession of marijuana;

    **(ii)**    The Defendant knew that he was in possession of marijuana, a Schedule I controlled substance drug; and

    **(iii)**    The Defendant intended to distribute some or all of the marijuana to another person.

    **C.**    <u>**Count Four**</u>: As to Count Four, the Defendant admits to knowingly violating Title 18, United States Code, Section 922(g)(1), and admits there is a factual basis for the plea and further fully understands that the elements of the crime are as follows:

    **(i)**    The Defendant had been convicted of a crime punishable by imprisonment for a term exceeding one year;

    **(ii)**    The Defendant thereafter knowingly possessed a firearm; and

    **(iii)**    The firearm was transported across a state line at some point during or before the Defendant's possession of it.

**4.**    <u>**FACTS:**</u>

The parties agree that the facts in this case are as follows and that the United States would prove these facts beyond a reasonable doubt if the case were to go to trial.   These facts may be considered as relevant conduct pursuant to Section 1B1.3:

On March 27, 2015, St. Louis Metropolitan Police Department ("SLMPD") officers executed a search warrant at the residence located at 6115 Sherry Avenue, in the City of St. Louis, within the Eastern District of Missouri (the "Residence").   Upon entering the Residence, officers observed Defendant exiting the rear bedroom holding a pit bull.   Defendant

spontaneously stated, "I ain't got shit on me. My pistol and shotgun are in my bedroom. I don't wanna get shot." Officers also located S.M., who was with Defendant inside the Residence.   A search of the residence revealed the following:

- One sawed-off Harrington & Richardson Inc. make, 490 model, 20 gauge caliber, single-shot shotgun loaded with 1 live round lying in plain view on the bed in the bedroom;

- One Hi-Point Firearms make, C9 model, 9 mm caliber semi-automatic pistol loaded with 8 live rounds on the nightstand in the bedroom;

- Plastic bags containing approximately 3,200 grams of marijuana on a nightstand in the bedroom;

- A grinder; several scales, cell phones, and digital cameras; clear plastic baggies; a bottle of Dormin; and Defendant's wallet with his ID in the bedroom;

- One glass jar containing residue and 0.40 grams of cocaine base ("crack cocaine") on the kitchen stove;

- 34 individually knotted plastic bags each containing one pill containing methylenedioxypyrovalerone ("MDPV") and marijuana in a pink backpack in the kitchen pantry;

- One plastic bag containing approximately 7.87 grams of heroin on a plate in the living room;

- "Sudafed" boxes and receipts in the kitchen;

- Kerosene in the living room;

- A stolen laptop and television in the living room.

Officers asked S.M. if any of the contraband found inside the Residence were hers. Before she could respond, Defendant stated that none of the items belonged to her and that they were all his. Defendant also stated that he traded "Sudafed" and Kerosene for the laptop and television.

The aforementioned shotgun and pistol were submitted to the SLMPD for analysis by an

expert firearms examiner.  It was determined that each of the firearms was manufactured outside the State of Missouri, and, therefore, had been transported across state lines and in interstate commerce prior to or during Defendant's possession of it. The shotgun and pistol were test fired and functioned as designed. The expert found that each of the firearms could expel a projectile by the action of an explosive and is, therefore, a "firearm" as defined under federal law. The shotgun was measured by the expert and determined to have a barrel length of 15 3/16 inches and an overall length of 22 1/4 inches.

The suspected controlled substances were submitted to and analyzed by an expert criminalist with the SLMPD Crime Laboratory.  The suspected controlled substances were confirmed to be: marijuana, a Schedule I controlled substance, having a net weight of approximately 3,200 grams; heroin, a Schedule I controlled substance, having a net weight of approximately 7.87 grams; cocaine base, a Schedule II controlled substance, having a net weight of approximately 0.40 grams; and 34 tablets containing MDPV, a Schedule I controlled substance.

Defendant admits possessing the marijuana and heroin with the intent to distribute it.

Prior to March 27, 2015, Defendant was convicted of at least one felony crime punishable by imprisonment for a term exceeding one year under the laws of the State of Missouri.

5.    **STATUTORY PENALTIES:**

A.    **Statutory Penalties**: The Defendant fully understands that the maximum possible penalties provided by law for the crimes to which the Defendant is pleading guilty are:

(i)    **Count One**:   imprisonment of not more than twenty years, a fine of not more than $1,000,000, or both such imprisonment and fine.   The Court shall impose a period of supervised release of not less than three years, but not more than life.

       **(ii)**    **Count Two**: imprisonment of not more than five years, a fine of not more than $250,000, or both such imprisonment and fine.  The Court shall impose a period of supervised release of not less than two years, but not more than life.

       **(iii)**    **Count Four**:  imprisonment of not more than ten years, a fine of not more than $250,000, or both such imprisonment and fine.   The Court also may impose a period of supervised release of not more than three years.

       In certain situations under Title 18, United States Code, Section 924(e)(Armed Career Criminal), Defendant may be subject to a mandatory minimum sentence of imprisonment of fifteen (15) years and a maximum of life, a fine of not more than $250,000, or both such imprisonment and fine, and a term of supervised release of not more than five years.  **The Defendant is pleading guilty with full knowledge of these possibilities, has discussed these possibilities with counsel and will not be able to withdraw the guilty plea if the Court determines the foregoing statute applies to Defendant's sentence.**

**6.**    **U.S. SENTENCING GUIDELINES: 2015 MANUAL**

       The Defendant understands that these offenses are affected by the U.S. Sentencing Guidelines and the actual sentencing range is determined by both the Total Offense Level and the Criminal History Category.   The parties agree that the following are the U.S. Sentencing Guidelines Total Offense Level provisions that apply:

    **A.**    **Offense Conduct**:

**COUNTS ONE AND TWO**
**POSSESSION WITH INTENT TO DISTRIBUTE CONTROLLED SUBSTANCES**

       **(i)**    **Chapter 2 Offense Conduct**:

           **(a)**    **Base Offense Level**:  The parties agree that the Defendant is

accountable for approximately 3,200 grams of marijuana and 7.87 grams of heroin, which have a combined equivalency of 11.07 kilograms of marijuana.   As a result, the parties agree that the base offense level is 14 as found in Section 2D1.1(c)(13), **unless the Defendant is found to be a Career Offender pursuant to Section 4B1.1.**

        **(b)**     <u>**Specific Offense Characteristics**</u>:   The parties agree that the following Specific Offense Characteristics apply: 2 levels should be added pursuant to Section 2D1.1(b)(1) because Defendant possessed a dangerous weapon, *i.e.*, a firearm.

        **(ii)**     <u>**Chapter 3 Adjustments:**</u>

        **(a)**     <u>**Acceptance of Responsibility**</u>:    The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility.

      The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.   The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.   In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

## COUNT FOUR
## FELON IN POSSESSION OF A FIREARM

(i)      **Chapter 2 Offense Conduct**:

(a)      **Base Offense Level**: The parties agree that the Base Offense Level is found in Section 2K2.1(a) and depends on, among other things, the nature of the Defendant's criminal history and the characteristics of the firearm.  **The Base Offense Level may also be determined under Section 4B1.4 if Defendant is determined to be an Armed Career Criminal.**

(b)      **Specific Offense Characteristics**:  The parties agree that the following Specific Offense Characteristics apply: 4 levels should be added pursuant to Section 2K2.1(b)(6)(B) because the Defendant possessed a firearm in connection with another felony offense.

(ii)      **Chapter 3 and 4 Adjustments**:

(a)      **Acceptance of Responsibility:** The parties recommend that two levels should be deducted pursuant to Sentencing Guidelines Section 3E1.1(a) because Defendant has clearly demonstrated acceptance of responsibility.

The parties agree that if Defendant does not abide by all of the agreements made within this document, Defendant's failure to comply is grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.  The parties further agree that Defendant's eligibility for a reduction pursuant to Sentencing Guidelines Section 3E1.1 is based upon the information known at the present time and that any actions of Defendant which occur or which become known to the United States subsequent to this agreement and are inconsistent with Defendant's acceptance of responsibility including, but not limited to criminal conduct, are

Page **8** of **15**

grounds for the loss of acceptance of responsibility pursuant to Sentencing Guidelines Section 3E1.1.  In any event, the parties agree that all of the remaining provisions of this agreement remain valid and in full force and effect.

       **B.**     **Estimated Total Offense Level**:    Based on these recommendations, the parties estimate that the Total Offense Levels are as follows:

       **(i)**    **Counts One and Two**:    The parties agree that the Total Offense Level for Counts One and Two is 14, **unless Defendant is a Career Offender.   Depending on the underlying offense and Defendant's criminal history, Defendant could be a Career Offender pursuant to Section 4B1.1. If the Court finds Defendant is a Career Offender, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI.  Defendant has discussed these possibilities with defense counsel.  Both parties reserve the right to argue that the Defendant is or is not a Career Offender.**

       **(ii)**    **Count Four**: The parties agree that the Total Offense Level for Count Four will depend on the Base Offense Level determined pursuant to Section 2K2.1(a), along with other relevant factors stated above, **unless Defendant is an Armed Career Criminal. Depending on the underlying offense and Defendant's criminal history, Defendant could be an Armed Career Criminal pursuant to Title 18, United States Code, Section 924(e) and Section 4B1.4.  If the Court finds Defendant is an Armed Career Criminal, the Total Offense Level may be higher and the Criminal History Category may be as high as Category VI.  Defendant has discussed these possibilities with defense counsel.  Both parties reserve the right to argue that the Defendant is or is not an Armed Career Criminal.**

**D.**     **Criminal History:**     The determination of the Defendant's Criminal History Category shall be left to the Court.   Either party may challenge, before and at sentencing, the finding of the Presentence Report as to the Defendant's criminal history and the applicable category.   The Defendant's criminal history is known to the Defendant and is substantially available in the Pretrial Services Report.

**E.**     **Effect of Parties' U.S. Sentencing Guidelines Analysis:** The parties agree that the Court is not bound by the Guidelines analysis agreed to herein.   The parties may not have foreseen all applicable Guidelines.   The Court may, in its discretion, apply or not apply any Guideline despite the agreement herein and the parties shall not be permitted to withdraw from the plea agreement.

**7.**     **WAIVER OF APPEAL AND POST-CONVICTION RIGHTS:**

**A.**     **Appeal:**     The Defendant has been fully apprised by defense counsel of the Defendant's rights concerning appeal and fully understands the right to appeal the sentence under Title 18, United States Code, Section 3742.

**i.**     **Non-Sentencing Issues:**     The parties waive all rights to appeal all non-jurisdictional, non-sentencing issues, including, but not limited to, any issues relating to pretrial motions, discovery and the guilty plea.

**ii.**     **Sentencing Issues:**     In the event the Court accepts the plea and, after determining a Sentencing Guidelines range, sentences the Defendant within or below that range, then, as part of this agreement, the Defendant hereby waives all rights to appeal all sentencing issues other than Criminal History.   Similarly, the United States hereby waives all rights to appeal all sentencing issues other than Criminal History, provided the Court accepts the plea,

determines a Sentencing Guidelines range, and sentences the Defendant within or above that range.

  **B.**  <u>**Habeas Corpus:**</u> The Defendant agrees to waive all rights to contest the conviction or sentence in any post-conviction proceeding, including one pursuant to Title 28, United States Code, Section 2255, except for claims of prosecutorial misconduct or ineffective assistance of counsel.

  **C.**  <u>**Right to Records:**</u> The Defendant waives all rights, whether asserted directly or by a representative, to request from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including any records that may be sought under the Freedom of Information Act, Title 5, United States Code, Section 522, or the Privacy Act, Title 5, United States Code, Section 552(a).

**8.**  <u>**OTHER:**</u>

  **A.**  <u>**Disclosures Required by the United States Probation Office:**</u> The Defendant agrees to truthfully complete and sign forms as required by the United States Probation Office prior to sentencing and consents to the release of these forms and any supporting documentation by the United States Probation Office to the United States.

  **B.**  <u>**Civil or Administrative Actions not Barred; Effect on Other Governmental Agencies:**</u> Nothing contained herein limits the rights and authority of the United States to take any civil, tax, immigration/deportation or administrative action against the Defendant.

  **C.**  <u>**Supervised Release:**</u> Pursuant to any supervised release term, the Court will impose standard conditions upon the Defendant and may impose special conditions related to the crime Defendant committed.   These conditions will be restrictions on the Defendant to which

the Defendant will be required to adhere.   Violation of the conditions of supervised release resulting in revocation may require the Defendant to serve a term of imprisonment equal to the length of the term of supervised release, but not greater than the term set forth in Title 18, United States Code, Section 3583(e)(3), without credit for the time served after release.   The Defendant understands that parole has been abolished.

**D.**   **Mandatory Special Assessment:**   This offense is subject to the provisions of the Criminal Fines Improvement Act of 1987 and the Court is required to impose a mandatory special assessment of $100 per count for a total of $300, which the Defendant agrees to pay at the time of sentencing.   Money paid by the Defendant toward any restitution or fine imposed by the Court shall be first used to pay any unpaid mandatory special assessment.

**E.**   **Possibility of Detention:**   The Defendant may be subject to immediate detention pursuant to the provisions of Title 18, United States Code, Section 3143.

**F.**   **Fines and Costs of Incarceration and Supervision:**   The Court may impose a fine, costs of incarceration, and costs of supervision.   The Defendant agrees that any fine imposed by the Court will be due and payable immediately.

**G.**   **Forfeiture:**   The Defendant agrees to forfeit all of the Defendant's interest in all items seized by law-enforcement officials during the course of their investigation.   The Defendant admits that all United States currency, weapons, property, and assets seized by law enforcement officials during their investigation constitute the proceeds of the defendant's illegal activity, were commingled with illegal proceeds, or were used to facilitate the illegal activity.   The Defendant agrees to execute any documents and take all steps needed to transfer title or ownership of said items to the United States and to rebut the claims of nominees and/or alleged third party owners.

The Defendant further agrees that said items may be disposed of by law enforcement officials in any manner.

9.      **ACKNOWLEDGMENT AND WAIVER OF THE DEFENDANT'S RIGHTS:**

In pleading guilty, the Defendant acknowledges, fully understands and hereby waives his rights, including but not limited to: the right to plead not guilty to the charges; the right to be tried by a jury in a public and speedy trial; the right to file pretrial motions, including motions to suppress or exclude evidence; the right at such trial to a presumption of innocence; the right to require the United States to prove the elements of the offenses charged against the Defendant beyond a reasonable doubt; the right not to testify; the right not to present any evidence; the right to be protected from compelled self-incrimination; the right at trial to confront and cross-examine adverse witnesses; the right to testify and present evidence and the right to compel the attendance of witnesses.   The Defendant further understands that by this guilty plea, the Defendant expressly waives all the rights set forth in this paragraph.

The Defendant fully understands that the Defendant has the right to be represented by counsel, and if necessary, to have the Court appoint counsel at trial and at every other stage of the proceeding.   The Defendant's counsel has explained these rights and the consequences of the waiver of these rights.   The Defendant fully understands that, as a result of the guilty plea, no trial will, in fact, occur and that the only action remaining to be taken in this case is the imposition of the sentence.

The Defendant is fully satisfied with the representation received from defense counsel. The Defendant has reviewed the United States' evidence and discussed the United States' case and all possible defenses and defense witnesses with defense counsel.   Defense counsel has

completely and satisfactorily explored all areas which the Defendant has requested relative to the United States' case and any defenses.

10.    **VOLUNTARY NATURE OF THE GUILTY PLEA AND PLEA AGREEMENT:**

This document constitutes the entire agreement between the Defendant and the United States, and no other promises or inducements have been made, directly or indirectly, by any agent of the United States, including any Department of Justice attorney, concerning any plea to be entered in this case.  In addition, the Defendant states that no person has, directly or indirectly, threatened or coerced the Defendant to do or refrain from doing anything in connection with any aspect of this case, including entering a plea of guilty.

The Defendant acknowledges having voluntarily entered into both the plea agreement and the guilty plea.  The Defendant further acknowledges that this guilty plea is made of the Defendant's own free will and that the Defendant is, in fact, guilty.

11.    **CONSEQUENCES OF POST-PLEA MISCONDUCT:**

After pleading guilty and before sentencing, if Defendant commits any crime, other than minor traffic offenses, violates any conditions of release that results in revocation, violates any term of this guilty-plea agreement, intentionally provides misleading, incomplete or untruthful information to the U.S. Probation Office or fails to appear for sentencing, the United States, at its option, may be released from its obligations under this agreement.   The United States may also, in its discretion, proceed with this agreement and may advocate for any sentencing position supported by the facts, including but not limited to obstruction of justice and denial of acceptance of responsibility.

12.      <u>**NO RIGHT TO WITHDRAW GUILTY PLEA:**</u>

Pursuant to Rule 11(c) and (d), Federal Rules of Criminal Procedure, the Defendant understands that there will be no right to withdraw the plea entered under this agreement, except where the Court rejects those portions of the plea agreement which deal with charges the United States agrees to dismiss or not to bring.


_____
Date

_____
SAYLER A. FLEMING, #58775MO
Assistant United States Attorney


_____
Date

_____
JERMAIN L. MAZES
Defendant


_____
Date

_____
JOHN STOBBS
Stand-by Counsel for Defendant